IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

CAPITOL SPECIALTY INSURANCE CORPORATION
1600 Aspen Commons
Suite 300
Middleton, WI  53562

      Plaintiff,

v.                                          Civil Action No.18-00917

RAH OF WASHINGTON, D.C., INC., d/b/a
CAMELOT
4641 Montgomery Avenue
Suite 200
Bethesda, Maryland 20814

      Serve:  Camelot
              c/o Professional Reg. Agents Inc.
              2600 Virginia Avenue, N.W.,
              Suite 1112
              Washington, DC 20037

and

PAUL D. CASEY
Individually and as administrator of the
ESTATE OF PATRICK D. CASEY
4 Rolling Brook Drive
Clifton Park, New York 10265,

and

ABIGAIL O. CASEY
4 Rolling Brook Drive
Clifton Park, New York 10265,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Capitol

Specialty Insurance Corporation brings this Complaint for Declaratory Judgment against RAH of

Washington, D.C., Inc.; Paul D. Casey, individually and as the administrator of the estate of Patrick D.

Casey;  and Abigail Casey and states as follows:

## PARTIES

1.      Capitol Specialty Insurance Corporation ("CapSpecialty") is a corporation organized and existing in the State of Wisconsin.

2.      RAH of Washington of D.C., Inc. ("RAH") is a corporation registered, organized and existing in the District of Columbia.

3.      Paul D. Casey and Abigail O. Casey are residents of the State of New York.

## THE UNDERLYING CASE

4.      On September 23, 2013, Paul and Abigail Casey filed a Complaint in the United States District Court for the District of Columbia, captioned Casey, et al. v. Ward, et al., Case No. 1:13-cv-01452 (the "Underlying Case").

5.      One of the defendants in the Underlying Case was Defendant here, RAH of Washington, D.C., Inc. d/b/a Camelot ("RAH").

6.      On September 5, 2014, The United States District Court granted RAH's motion to dismiss. Other defendants in the Underlying Case were voluntarily dismissed or had motions for summary judgment granted.

7.      On October 19, 2016, Plaintiffs in the underlying case, Paul and Abigail Casey, appealed the trial court's decision on RAH's motion to dismiss to the United States Court of Appeals for the District of Columbia.

8.      On January 26, 2018, The Unites States Court of Appeals for the District of Columbia reversed the dismissal of the Caseys' claims against RAH.

## JURISDICTION

9.      Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, the matter in controversy involves a declaration of the rights, duties, and obligations under an insurance policy.

10.     This Court has jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00 and is between citizens of different states.

## VENUE

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because the insurance contract in dispute was issued in this judicial district.

## THE UNDERLYING COMPLAINT

12.     The Underlying Complaint alleges that Patrick D. Casey was a patron at a McDonald's restaurant in the District of Columbia on September 22, 2011, when Jason Ward, Justin Ruark, and Brian Giblin began a verbal altercation with Casey without provocation. The Underlying Complaint alleges that the engagement turned physical and that in the course of it Jason Ward "sucker punched" Patrick Casey in the head, causing Casey to fall and strike his head on the ground, which ultimately led to Casey's death. (Exh. 1, ¶¶ 23-44)

13.     The Underlying Complaint alleges that RAH is liable for Patrick Casey's death because RAH, doing business as a bar called "Camelot" sold alcoholic beverages to Ward, Ruark and Giblin when the three were already visibly intoxicated, which then caused the conduct of Ward, Ruark and Giblin, leading to the assault and battery against and ultimate death of Patrick Casey. (Exh. 1, ¶ 62-69).

## THE INSURANCE POLICY

14.     CapSpecialty issued a Commercial Lines Policy of insurance to RAH of Washington, d/b/a Camelot, Policy Number PR00218696-01, effective dates December 27, 2010 through December 27, 2011 ("the Policy").

15.      The Commercial General Liability Form (the "CGL Form") of the Policy provides in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

     **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

                             \* \* \*

     **b.**      This insurance applies to "bodily injury" or "property damage" only if:

          **(1)**      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

16.      The CGL Form contains the following relevant exclusions applicable to:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

     **2.      Exclusions**

This insurance does not apply to:

        **a.      Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

        **b.      Contractual Liability**

4

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; . . .

17. CGL Form contains the following relevant definition of Insured:

## Section II – Who Is An Insured

1.  If you are designated in the Declarations as:
    . . .

    c.   An organization other than a partnership, joint venture or limited liability company, you are an insured.

18.    The Commercial General Liability Coverage Form contains the following relevant endorsement.

**ASSAULT OR BATTERY HAZARD LIMITED COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM and LIQUOR LIABILITY COVERAGE FORM

**A. In the COMMERCIAL GENERAL LIABILITY COVERAGE FORM SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, exclusion a. is deleted in its entirety and replaced with the following:**

**a.   Expected or Intended Injury:**

"Bodily injury" or "property damage", as defined in the Commercial General Liability Coverage Form, which is expected or intended by one or more insureds even if the "bodily injury" or "property damage":

(1) Is of a different kind, quality, or degree than initially expected or intended; or

(2) Is sustained by a different person, entity, real or personal property than initially expected or intended.

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by any insured to protect persons or property.

**B. In the LIQUOR LIABILITY COVERAGE FORM. SECTION I – LIQUOR LIABILITY COVERAGE, 2. Exclusions, exclusion a. is deleted in its entirety and replaced with the following.**

**b. Expected or Intended Injury:**

"Bodily injury" or "property damage", as defined in the Commercial General Liability Coverage Form, which is expected or intended by one or more insureds even if the "bodily injury" or "property damage":

(1) Is of a different kind, quality, or degree than initially expected or intended; or

(2) Is sustained by a different person, entity, real or personal property than initially expected or intended.

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by any insured to protect persons or property.

**C.** The following exclusion is added to:

**1. SECTION 1- COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and SECTION 1 – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions of the GENERAL LIABILITY COVERAGE FORM; and**

**2. SECTION 1 – LIQUOR LIABILITY COVERAGE, 2. Exclusions of the LIQUOR LIABILITY COVERAGE FORM:**

**"Assault of Battery" Exclusion**

This insurance does not apply to, nor shall we have a duty to defend any claim, or "suit" seeking damages or expenses due to "bodily injury," "property damage," "personal and advertising injury," or "injury," as defined respectively in the Commercial General Liability Coverage Form and Liquor Liability Coverage Form, arising out of, resulting from, or in connection with any of the following acts or omissions regardless of their sequence or any concurring cause:

a. "Assault of battery", whether or not caused or committed by or at the instruction of, or at the direction of or arising out of the negligence of you, any insured, any person or legal entity, or any causes whatsoever, except as provided in the Assault or Battery Limited Coverage described below;

b. The suppression or prevention of, or the failure to suppress or prevent "assault or battery" by you, any insured, or any person or legal entity;

c. The failure by you, any insured, or any legal entity to provide an environment safe from "assault or battery", including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to "assault or battery" or failure to maintain the premises by you,

any insured or any person or legal entity;

d. The negligent employment, investigation, hiring, supervision, training, retention, or any other employment related practice by any insured or any person or legal entity, including but not limited to contractors or subcontractors;

e. The use of any force to protect persons or property whether or not the "bodily injury", "property damage", "personal or advertising injury" or "injury" was committed by or at the direction of you, any insured or any person or legal entity, except the use of reasonable force as provided in the Assault or Battery limited Coverage described below;

f. The rendering of or failure to render or secure treatment or care necessitated by any "assault or battery" by you, any insured or any person or legal entity;

g. The reporting to the proper authorities or failure to do so by you, any insured, or any person or legal entity; or

h. Caused by, arising out of or resulting from the intoxication of any person.

## D. ASSAULT OR BATTERY HAZARD LIMITED COVERAGE

The following is added to **SECTION I – COVERAGES OF THE GENERAL LIABILITY COVERAGE FORM, and SECTION I – LIQUOR LIABILITY COVERAGE of the LIQUOR LIABILITY COVERAGE FORM,** and is subject to the exclusions contained in those coverage forms and exclusions as added or amended by this endorsement.

COVERAGE PROVIDED BY THIS LIMITED COVERAGE MAY BE SUBJECT TO A DEDUCTIBLE THAT WILL BE SHOWN AND DESCRIBED BELOW, IN THE DECLARATIONS OR ON A SPECIFIC DEDUCTIBLE ENDORSEMENT.

COSTS FOR DEFENSE AND INVESTIGATION OF ANY "ASSAULT OR BATTERY HAZARD" CLAIM ARE INCLUDED WITHIN THE LIMITS OF INSURANCE SHOWN AND DESCRIBED BELOW.

THE LIMITS OF INSURANCE SHOWN AND DESCRIBED IN THE SCHEDULE BELOW ARE THE TOTAL COVERAGE AVAILBLE [sic] FOR THE "ASSAULT OR BATTERY HAZARD" REGARDLESS OF THE NUMBER OR TYPES OF COVERAGES WHICH MAY APPLY TO A CLAIM OR SUIT.

### DEDUCTIBLE AND LIMITS OF INSURANCE SCHEDULE

**Assault or Battery Hazard Deductible**

**$5,000**

The deductible shown above applies to loss payments, investigation and costs of defense.

**Assault or Battery Hazard Limits of Insurance**

$1,000,000 is the most we will pay for the sum of all damages arising out of any one "event" and included in the "assault or battery hazard" subject to the aggregate described below;

$1,000,000 is the most we will pay for the sum of all damages included in the "assault or battery hazard" arising out of all "events" during the policy period.

(If no deductible or limits appear above, information required to complete this endorsement will be shown in the Declarations, or on a deductible endorsement as applicable to this Limited Coverage.)

**1. Assault or Battery Hazard Limited Coverage**

    **a.** We will pay those sums above the amount of the Assault or Battery Hazard Deductible that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal and advertising injury" or "injury", as defined in the respective coverage forms, arising out of, resulting from, or in connection with damages included within the "assault or battery hazard" and not otherwise excluded.

    **b.** We have the right and duty to defend an insured against any claim or "suit" seeking those damages. However, we will have no duty to defend an insured against any claim or "suit" seeking damages to which this insurance does not apply. We may, at our discretion, investigate any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages and the costs of defense may be subject to a Deductible if indicated above, in the declarations or on a specific deductible endorsement, and is limited as described in the Assault or Battery Hazard Limits of Insurance contained in this endorsement; and

        **(2)** Our right and duty to defend ends when we have exhausted the applicable Assault or Battery Hazard Limits of Insurance in the payment of judgements, settlements or the costs of defense.

**2.** This insurance applies to the "assault or battery hazard" only if:
    **a.** The "assault or battery hazard" takes place in the "coverage territory"; and

    **b.** The "assault or battery hazard" occurs during the policy period; and

    **c.** Damages are as a result of the "assault or battery hazard", including damages claimed by any person or organization for care, loss of services or death resulting at any time from the "assault or battery hazard".

**3. Definitions**

The following are added to **SECTION V – DEFINITIONS** of both the General Liability Coverage Form and Liquor Liability Coverage Form:

"Assault or battery" means:

**a.**     Assault, including sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instruction of, or at the direction of, or arising out of the negligence of you, any insured, any legal entity, or any causes whatsoever, regardless of fault or intent; and

**b.**     Battery, including sexual abuse, sexual battery, sexual molestation, any physical altercation and any actual harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of, or arising out of the negligence of, you, any insured, any legal entity, or any causes whatsoever, regardless of fault or intent.

"Assault or battery hazard" means:

**a.**     The use of reasonable force by any insured or sub-contractor working for an insured to protect persons or property for which an insured is legally liable, including reasonable force to eject or exclude any person from the insured's premises or restore order at the insured's premises; or

**b.**     An "assault or battery" committed by a patron of an insured's business on another patron for which an insured is legally liable.

"Event" means:

All liability arising out of an "assault or battery hazard" including, but not limited to, multiple incidents within the "assault or battery hazard" if related by:   the person or persons committing the "assault or battery hazard"; the person or persons making a claim due to the "assault or battery hazard"; the location of the "assault or battery hazard"; the timing of the "assault or battery hazard"; or which otherwise constitute a related series of incidents of the "assault or battery hazard."

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

19.     RAH contends that CapSpecialty is obligated under the Policy to defend and indemnify it against any judgment entered in connection with the claims made by the Caseys in the Underlying Case.

20.     CapSpecialty disputes that it is obligated under the Policy to defend and/or indemnify RAH of Washington against any judgment entered in connection with claims made by the Caseys in the Underlying Case.

21.     Following the successful appeal of the dismissal of RAH from the Underlying Case there exists an actual justiciable controversy as to whether CapSpecialty has a duty to defend and/or indemnify

RAH against any judgment entered in connection with the claims made by the Caseys and whether

CapSpecialty is entitled to reimbursement for defense of non-covered claims.

22.     Paul and Abigail Casey, the Underlying Plaintiffs, have an interest in this controversy.

23.     CapSpecialty has been providing RAH of Washington with a defense to the Underlying

Case under a full reservation of rights.

24.     CapSpecialty specifically incorporates all above allegations into the counts set forth

below.

COUNT ONE

CAPSPECIALTY HAS NO DUTY TO DEFEND OR INDEMNIFY RAH OF WASHINGTON
UNDER **COVERAGE A**

25.     **Coverage A** applies only where there is, *inter alia*, "bodily injury" caused by an

"occurrence."

26.     As used in **Coverage A**, "bodily injury" means "bodily injury, sickness or disease

sustained by a person, including death resulting from any of these at any time."

27.     The allegations of the Underlying Complaint do not fall within the insuring agreement of

**Coverage A** of the Policies.

28.     The allegations of the Underlying Complaint do not demonstrate even a possibility of an

"occurrence," i.e., an "accident, including continuous or repeated exposure to substantially the same

general harmful conditions."

29.     Exclusion **a. Expected Or Intended Injury** precludes coverage under **Coverage A** of

the Underlying Complaint.

30.     CapSpecialty has no duty to defend or indemnify RAH of Washington in connection with

the Underlying Complaint.

COUNT TWO

CAPESPECIALTY HAS NO DUTY TO DEFEND OR INDEMNIFY
RAH OF WASHINGTON AS A RESULT OF
THE ASSAULT OR BATTERY EXCLUSION

31.     The Caseys unequivocally allege in the Underlying Case that Ward, Giblin, and Ruark committed a battery against the decedent without cause or provocation.

32.     The Caseys unequivocally allege in the Underlying Case that the battery against the decedent occurred because of the intoxication of Ward, Giblin, and Ruark.

33.     The claims made against RAH of Washington all arise from the alleged battery and/or the alleged physical altercation.

34.     The allegations of the Underlying Complaint fall squarely within the **Assault or Battery Hazard Limited Coverage**.

35.     CapSpecialty has no duty to defend or indemnify RAH of Washington in connection with the Underlying Complaint.

<u>COUNT THREE</u>

<u>RAH OF WASHINGTON IS OBLIGATED
TO REIMBURSE CAPSPECIALTY FOR THE COSTS OF DEFENDING CLAIMS THAT WERE
NOT EVEN POTENTIALLY COVERED</u>

36.     As detailed above, CapSpecialty has no duty to defend the claims made in the Underlying Case and RAH of Washington must reimburse CapSpecialty for the cost of defending those counts.

WHEREFORE, Capitol Specialty Insurance Corporation requests that the Court enter judgment in its favor and against RAH of Washington, D.C., Inc., Paul D. Casey, and Abigail O. Casey and declare the following:

1.     Capitol Specialty Insurance Corporation has no duty to indemnify RAH of Washington, D.C., Inc., in connection with any damages awarded to Paul or Abigail Casey.

2.     Capitol Specialty Insurance Corporation has no duty to defend RAH of Washington, D.C., Inc.

3.      RAH of Washington, D.C., Inc., must reimburse Capitol Specialty Insurance Corporation for the cost of defending the claims made in the Underlying Complaint.

4.      Capitol Specialty Insurance Corporation further requests that the Court grant such other and further relief as the Court deems appropriate.

*Margaret Fonshell Ward*
Margaret Fonshell Ward (422906)
Ward & Herzog, LLC
102 W. Pennsylvania Avenue, Suite 401
Baltimore, MD 21204
410-296-1573
410-296-1576 - f
mward@wardherzog.com
***Attorneys for Plaintiff Capitol Specialty Insurance Corporation***
